F. J. BROWN, *et ux.*, v. MARY E. JONES, a Widow, Individually, as Executrix Trustee Under the Will of Sarah C. Bethell, Deceased, *et al.*

192 So. 188

Opinion Filed November 17, 1939

*Booth & Dickenson,* for Appellants;

*Moreland E. Maddox* and *B. M. Skelton,* for Appellees.

WHITFIELD, P. J.—It is alleged that Sarah C. Bethell died May 15, 1921, "seized and possessed of the fee simple title to" described land "being a part of Government Lots 1 and 2, Section 31-31-17" (south and east of the Tallahassee Meridian and base line) which was decedent's homestead, she then being a widow living on the homeplace as the head

of a family, her dependent children living with her. She left a will containing the following:

"1. I will and direct that all my just debts and funeral expenses be first paid out of my estate by my executrix and trustee hereinafter named.

"2. I give, devise, and bequeath all the rest and residue of my estate, real and personal, and wheresoever situated to my executrix and trustee hereinafter named and to her successor or successors in trust, nevertheless;

"To hold, manage, control, sell, lease, rent, or otherwise dispose of the same for the benefits of my estate, at such times, in such manner and on such terms as in her judgment may seem best for the purposes of this trust, to invest, and reinvest in such manner as in her judgment shall seem best for said trust, the proceeds of sale and the income of all my property and after paying all taxes, expenses of administration and other legal charges, against the same to pay" etc.

Her daughter, Mary E. Jones, as executrix-trustee, in 1927 made a mortgage upon the homestead real estate executed by "Estate of Sarah C. Bethell (L. S.) By Mary E. Jones, Executrix and Trustee." After defaults in 1930-1931, foreclosure proceedings were instituted by the mortgagees October 19, 1937, all the children of the testatrix and the husband of a married daughter, as well as Mary E. Jones as executrix and trustee were made defendants. A guardian *ad litem* was appointed for two adult incompetent sons of testatrix. Answers were filed and testimony was taken on the issues made.

The final decree contains the following:

"The court finds that the evidence clearly establishes that the property sought to be encumbered by the mortgage, the subject matter of this suit, was a homestead passing directly

to the heirs and not to the trustee as such, and that foreclosure thereof cannot be decreed by virtue of her attempt to mortgage the same. * * *

"As to whether or not an equitable lien should be impressed against this property and the several interests of the various owners thereof, it will be well to consider the defendants and their relation to the loan in three several groups: (1) The two alleged incompetent heirs, William C. and John A. Bethell; (2) the three other heirs; and (3) Mary E. Jones, who made the loan, received the proceeds thereof and executed both the purported mortgage and the note secured thereby. * * *

"(1) As to the undivided interest of William C. Bethell and John A. Bethell, the evidence conclusively establishes that they are of such mental capacity as to be incapable of entering into a legal contract, there is no showing that they knowingly accepted any of the benefits of the loan and further that reasonable investigation of facts available to the plaintiffs would have disclosed their respective interest in the property, the said heirs having resided thereon for approximately fifty years. The court, therefore, finds that no equitable lien can be impressed against the interest of either William C. Bethell or John A. Bethell.

"(2) As to the respective undivided interest of the other heirs, Cora Bethell, Florence Bethell Loader and Alma Geiger, while they are all *sui juris,* the facts disclosed by the evidence as above set forth, are sufficient to charge the plaintiffs with constructive notice of the title of said heirs and there are not shown facts adequate to estop the heirs from asserting such title against the impression of an equitable lien against their respective interest in the homestead. The court accordingly finds that no equitable lien can be impressed against the interest of any of these three heirs.

"(3) As to the undivided interest of Mary E. Jones, it appearing by clear and satisfactory proof that she did actually receive the face value of the note, the court finds that such undivided interest of Mary E. Jones is in equity and good conscience subject to a lien for the amount due thereon, with interest and the costs of this proceeding, she being estopped to deny the said debt, her actions in obtaining the loan and the proceeds of the note freeing the plaintiffs from any further investigation as far as she might be concerned. The court therefore, finds that she is indebted to the plaintiffs in the principal sum of $6,250.00, with interest thereon at 8% from March 4, 1931.

"It Is, Therefore, Ordered, Adjudged and Decreed that the equities of this cause are in favor of the defendants, William C. Bethell, John A. Bethell, Cora Bethell, Florence Bethell Loader and Alma Geiger and against the plaintiffs, and that the cause be and the same is hereby dismissed as to the said defendants and each of them, and the respective one-sixth (1/6) interest of them and each of them in and to the real estate, the subject matter of this suit, as more particularly hereinafter described, be declared free and discharged from any claim or lien, legal or equitable, arising out of or from the mortgage hereby sought to be foreclosed and the lien in this case sought to be impressed thereon.

"It Is Further Ordered, Adjudged and Decreed that the equities are in favor of the plaintiffs, F. J. Brown and Alice M. Brown, his wife, as against the defendant, Mary E. Jones, and that a lien in the principal sum of $6,250.00, together with interest thereon at the rate of 8% per annum, payable semi-annually, from March 4, 1931, until paid, and the costs of this proceeding be impressed in favor of F. J. Brown and Alice M. Brown against the undivided interest of Mary E. Jones in and to the real estate located lying and

being in the County of Pinellas, State of Florida, more particularly described as follows:

"Beginning 264 feet east of Northwest corner of Government Lot 2, Section 31-31-17, run south 37¾ degrees east 1620 feet more or less to the Northeast corner of Sarah C. Bethell's house lot, for a point of beginning, thence southwesterly along south side of Bethell Avenue 256 feet more or less, thence south 37¾ degrees east to waters of Big Bayou, thence along the meanderings of Big Bayou to a point due southeast of point of beginning, thence northwesterly to point of beginning or the northeast corner of Bethell's house lot. Saving and excepting the tract of land described in deeds 42, page 54, sold to Hornlein, being part of Government Lots 1 and 2, Section 31, Township 31 South, Range 17 East.

"Done and Ordered in Chambers at St. Petersburg, Florida, this 11th day of May, A. D. 1939.

"(Sgd.) John I. Viney,
Circuit Judge."

Plaintiff mortgagees appealed.

The law and the evidence sustain the findings and the final decree predicated thereon.

Affirmed.

Brown and Chapman, J. J., concur.

Terrell, C. J., concurs in opinion and judgment.

Justices Buford and Thomas not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.